Mr. Justice Hagner
delivered the opinion of the Court:
This is an action of replevin, brought by Williams against Luckett, a constable. Under a .deed of trust Williams, as trustee, held title to certain personal. property, which was levied on bj’ the constable, Luckett, to collect a debt alleged to be due by Peterson, the grantor in the deed of trust. At the trial the verdict was rendered for the plaintiff; and the defendant on this appeal presents several objections to the rulings below.
The first question before us arises upon the evidence. Testimony was offered by the plaintiff showing the levy by the defendant to satisfy an execution, which he held as constable against the grantor in the deed, and also “tending to *276 show that the goods described in the declaration were embraced in the description of the goods in said trust,” which was objected to by the defendant. We think the testimony was plainly admissible. As disclosed in the argument, the objection really went to the sufficiency of the proof, and not to its admissibility, and was.property overruled.
The first prayer offered by the defendant was “ that to entitle the plaintiff' to recover in this action a demand for the return of the property replevied should have Been made before suit,” The same idea is involved in his fifth prayer. It is true the question has at times bedn regarded as an open one; and in the case of Bridget vs. Cornish, in 1 Mackey, Chief Justice Cartter declared the court declined to decide the question in that case. But we are all of the opinion that the matter is no longer one of doubt, and that the court below was right in refusing the instructions.
Four other prayers offered by the defendant w7ere refused by the court. The second and third present the idea, that if the jury should find the cestui que trust permitted the grantor to remain in possession of the property for an unreasonable time after default had occurred in payment of the debt, then the presumption arose that the debt was paid, or that the deed of trust wyas held unreleased, only as a protection against the other creditors of the grantor. We think all the defendant was entitled to ask upon this point was embraced in the instruction given by the court which was, that if the debt secured by the deed should be found by the jury to be a bona fide debt, the plaintiff w^as entitled to recover. All in the prayers that went beyond this was faulty and was property refused. The court’s instruction submitted the correct hypothesis to the jury, who found in favor of the plaintiff, and that verdict, in our opinion'should stand.
Judgment affirmed.